## Industrial Valley Controls, Inc. v. Alberts

Robert G. Rosen, of Pearlstein-Salkin Associates, for plaintiff.

John G. Kaufman, of DeAngelis and Kaufman, for defendants.

MOSS, J., July 7, 1978—This matter is before the court on petition of individual co-defendant to open and/or strike off a judgment which was entered in the prothonotary's office on a certification of a record of an assumpsit action in the court of a district justice of this county.

The complaint filed in the office of the district justice names defendants as "Thomas Alberts or Triangle Mechanical." (Italics supplied.) The claim is based upon three numbered and dated invoices for specific sums. Plaintiff failed to attach copies of the invoices to the complaint.

The district justice, Francis J. Lawrence, entered judgment for plaintiff, Industrial Valley Controls, Inc. and against "defendant Thomas Alberts or Triangle Mechanical." (Italics supplied.)

The green copy of the certification filed in the office of the prothonotary as originally typed showed only one defendant, Triangle Mechanical. However, superimposed over the part of that copy designated for the listing of defendant's name, a white sticker was pasted or superimposed listing defendants as "Thomas Alberts or Triangle Mechanical." (Italics supplied.)

Pa.R.C.P.J.P. 304C provides that the complaint in an action before a district justice shall set forth: "(1) the names and addresses of the parties. (2) The amount claimed. (3) A brief and concise statement

of the facts upon which the claim is based:. . .(b) Claims in assumpsit shall set forth the date of the transaction and a brief description of the subject matter."

The same rule also provides at section 305(4)(c) that the notice on the complaint shall inform defendant, "You must appear at the hearing and present your defense. Unless you do, judgment will be entered against you by default."

Pa.R.C.P.J.P.319B provides that if defendant does not appear at the hearing, the district justice shall enter judgment for plaintiff.

Since plaintiff by his complaint expressly named defendants in the alternative, the legal groundwork was laid for the entry of a judgment against only one defendant. Evidently, the district justice in the absence of any testimony or documentary evidence, simply followed the wording of the complaint and entered judgment for plaintiff against one or the other of defendants without specifying which. In view of the naming of defendants in the alternative in the caption of the complaint (the only place where defendants are identified by name), and in view of the absence of any testimonial or documentary record of the proceedings before the district justice to show which of the alternatively named defendants is liable, the justice's disposition of the case, to wit, a judgment for plaintiff and against "Thomas Alberts *or* Triangle Mechanical" must be stricken off as hopelessly ambiguous, indeed, utterly inconsistent on its face. (Italics supplied.)

Although the pleadings before a district justice may be permissibly simpler than those in the court of common pleas, a claim against defendants *alternatively* must be so treated, and not be utilized

as the foundation for a judgment against both defendants.

A judgment in order to be final in a justice's court or on certification to the common pleas must be certain in its pronouncement of liability or non-liability, which is not the case here. Here it is impossible from the judgment to determine against which of the two named alternative defendants the judgment was intended to be entered. Such a judgment is defective on its face and must be stricken.

• • •

## ORDER

And now, July 7, 1978, it is ordered and decreed that the judgment entered for plaintiff and against defendants in the office of the district justice, and certified to the office of the prothonotary in the above-captioned action is ordered to be stricken off.